Jeffrey G. Bradford, OSB No. 133080
  Direct:  503.802.5724
  Email:  jeff.bradford@tonkon.com
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Facsimile:  503.274.8779
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(EUGENE DIVISION)

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | Civil No. 6:25-cv-01703-MTK |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT** |
| v. | |
| TPH PARALEGAL PROFESSIONAL CORPORATION d/b/a TPH LEGAL SERVICES, | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT

## <u>TABLE OF CONTENTS</u>

LR 7-1 CERTIFICATION ..................................................................................................1

MOTIONS .........................................................................................................................1

MEMORANDUM ..............................................................................................................1

I.      INTRODUCTION ..............................................................................................1

II.     RELEVANT FACTS .........................................................................................2

III.    LEGAL STANDARD.........................................................................................3

       A.     Fed. R. Civ. P. 12(b)(2): Lack of Personal Jurisdiction.............................3

       B.     Fed. R. Civ. P. 12(b)(6): Failure to State a Claim ....................................5

       C.     Fed. R. Civ. P. 12(f) and 23: Striking Facially Uncertifiable Class Allegations ...............................................................................................6

IV.    ARGUMENT.....................................................................................................7

       A.     The Entire Complaint Should be Dismissed With Prejudice Because The Court Lacks Personal Jurisdiction over Defendant. ...............7

             1.     Defendant is not subject to general jurisdiction in Oregon.............7

             2.     Defendant is not subject to specific jurisdiction in Oregon. ............8

                  (1)    Defendant has not purposefully availed itself of Oregon.................................................................................9

                  (2)    Defendant has not purposefully directed actions towards Oregon...............................................................10

       B.     The Complaint Should Be Dismissed With Prejudice Because It Fails To State A Claim For Which Relief Can be Granted.......................11

             1.     Plaintiff's Class Allegations Should be Dismissed.......................11

             2.     Plaintiff Fails to Plausibly Allege That He Received an Artificial or Prerecorded Voice Call. ............................................13

       C.     Alternatively, the Class Allegations of the Complaint Should Be Stricken As Improper. .........................................................................17

             1.     Plaintiff's Proposed Class Definitions Are Impermissibly "Fail Safe."..................................................................................17

2.    Plaintiff is an Inadequate Class Representative. ...........................19

3.    Plaintiff's Remaining Class Allegations Are Superfluous.............20

V.    CONCLUSION ......................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adidas America, Inc. v. KMart Corp.*,
    No. CV-05-120-ST, 2006 WL 2668461 (D. Or. July 6, 2006).................................................7

*Alan v. BrandRep, Inc.*,
    No. SA CV 16-1040-DOC, 2016 WL 10988679 (C.D. Cal. Nov. 28, 2016).........................21

*Allison v. Wells Fargo Bank, N.A.*,
    No. 22-cv-0510-BAS-AHG, 2022 WL 10756885 (S.D. Cal. Oct. 18, 2022).........................14

*Alvarado v. Wal-Mart Assocs., Inc.*,
    No. CV 20-01926-AB, 2020 WL 6532868 (C.D. Cal. Oct. 22, 2020) ...................................13

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977) ................................................................................................4

*Andersen v. Nexa Mortg., LLC*,
    No. 8:24-CV-00619-DOC-ADSx, 2024 WL 3762098 (C.D. Cal. Aug. 12,
    2024) ...........................................................................................................................13, 14, 16

*Antonio v. Saxon Mortg. Servs., Inc.*,
    No. CV 11-10066 SJO, 2012 WL 13426614 (C.D. Cal. Sept. 7, 2012) .................................13

*Aragon v. DZR Grp., Inc.*,
    No.: 25-cv-0264-AGS-BLM, 2025 WL 1082755 (S.D. Cal. Apr. 10, 2025) .........................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................................5, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................................5

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) ................................................................................................4

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)................................................................................................................9

*CSX Transp., Inc. v. Apex Directional Drilling, LLC*,
    No. 3:14-cv-00470-HA, 2014 WL 6473554 (D. Or. Nov. 18, 2018) ......................................9

*Curry v. Synchrony Bank, N.A.*,
    No. 1:15CV322–LG–RHW, 2015 WL 7015311 (S.D. Miss. Nov. 12, 2015).........................14

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................4

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
  557 F.2d 1280 (9th Cir. 1977) ..............................................................3, 4

*Davis v. Rockloans Marketplace, LLC*,
  No.: 23cv0134 DMS, 2024 WL 4896587 (S.D. Cal. Nov. 26, 2024).....................14

*Dixon v. Monterey Fin. Servs., Inc.*,
  No. 15-cv-03298-MMC, 2016 WL 4426908 (N.D. Cal. Aug. 22, 2016).............6, 18

*Donaca v. Metropolitan Life Ins. Co.*,
  No. CV 13–05611 MMM, 2014 WL 12597152 (C.D. Cal. Jan. 22, 2014) ............15

*Eckelman v. Rentgrow, Inc*,
  No. 6:21-CV-01801-MK, 2023 WL 5044686 (D. Or. June 6, 2023) ......................4

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ..................................................................5

*Ewing v. Freedom Forever, LLC*,
  No.: 23-CV-1240 JLS (AHG), 2024 WL 221777 (S.D. Cal. Jan. 19, 2024).........15

*Fatnani v. JPMorgan Chase Bank, N.A.*,
  No. 3:23-cv-712-SI, 743 F. Supp. 3d 1253 (D. Or. 2024) .........................3, 5, 8, 9

*Flores v. City of Calif. City*,
  No. 1:18-CV-00703-DAD-JLT, 2019 WL 1934016 (E.D. Cal. May 1, 2019) .......20

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021)..............................................................................7, 8

*Garcia v. Anane Enter., LLC*,
  No. 2:24-cv-01993-TLN-CKD, 2025 WL 894616 (E.D. Cal. Mar. 24, 2025).......11, 12

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147 (1982)..............................................................................17, 19

*Hanni v. Am. Airlines, Inc.*,
  No. C 08-00732 CW, 2010 WL 289297 (N.D. Cal. Jan. 15, 2010)........................18

*Hanon v. Dataproducts Crop.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................19

*Hicks v. Alarm.com Inc.*,
  No. 1:20-CV-532, 2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ...........................16

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
    499 F.3d 1048 (9th Cir. 2007) ...........................................................................11

*Johnson v. Air Prods. & Chems., Inc*.,
    No. 2:22-cv-07327-JLS-PD, 2023 WL 2663279 (C.D. Cal. Jan. 26, 2023) ..........................12

*Kamar v. Radioshack Corp.*,
    375 F.App'x 734 (9th Cir. 2010) ........................................................................18

*Koos v. First Nat. Bank of Peoria*,
    496 F.2d 1162 (7th Cir. 1974) ...........................................................................20

*Langan v. United Svcs. Auto. Assoc.*,
    69 F. Supp. 3d 965 (N.D. Cal. 2014) .....................................................................7

*Lith v. Iheartmedia + Ent., Inc.*,
    No. 1:16-cv-066-LJO-SKO, 2016 WL 4000356 (E.D. Cal. July 25, 2016) ...........................6

*Manopla v. Sansone Jr's 66 Automall*,
    No. 17-16522 (FLW) (LHG), 2020 WL 1975834 (D.N.J. Jan. 10, 2020) .............................14

*McPhatter v. M. Callahan & Assocs., LLC*,
    No. 11 CV 5321(NGG)(LB), 2013 WL 3981106 (E.D.N.Y. Aug. 2, 2013) ...........................11

*Metzler v. Pure Energy USA LLC*,
    No. 21-CV-9798 (VEC), 2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023) ................................16

*MGIC Indem. Corp. v. Weisman*,
    803 F.2d 500 (9th Cir. 1986) ...........................................................................11

*Murch v. GPS Cap. Markets, LLC*,
    No. 3:24-cv-01854-SB, 2025 WL 2770190 (D. Or. Sept. 26, 2025)...............................6, 11

*nexTUNE, Inc. v. McKinney*,
    No. C12–1974 TSZ, 2013 WL 2403243 (W.D. Wash. May 31, 2013)...................................5

*Nichols v. eHealthInsurance Serv., Inc*,
    No. 23-cv-06720-EKL, 2025 WL 689721 (N.D. Cal. Mar. 3, 2025) ................................6, 18

*Pascal v. Agentra, LLC*,
    No. 19-cv-02418-DMR, 2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ...............................15

*Pepka v. Kohl's Dep't Stores, Inc.*,
    CV–16–4293–MWF, 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ................................6, 17

*Platte River Ins. Co. v. P & E Automation, Inc.*,
    No. CV 12-05778 JGB-AJW, 2013 WL 12123688 (C.D. Cal. June 19, 2013) ........................11

*Rahimian v. Adriano*,
  No. 2:20-cv-02189-GMN-VCF, 2022 WL 798371 (D. Nev. Mar. 16, 2022) ........................14

*Revitch v. DIRECTV, LLC*,
  977 F.3d 713 (9th Cir. 2020) .................................................................................................15

*Rogers v. Assurance IQ*,
  No. 2:21-cv-00823-TL, 2023 WL 2646468 (W.D. Wash. Mar. 27, 2023)............................15

*Roylance v. ALG Real Estate Servs., Inc.*,
  No. 5:14-cv-02445-PSG, 2015 WL 1522244 (N.D. Cal. Mar. 16, 2015)...............................15

*Salaiz v. eHealthInsurance Services, Inc.*,
  No. 22-CV-04835-BLF, 2023 WL 2622138 (N.D. Cal. March 22, 2023) ...........................18

*Sams v. Geico Corp.*,
  No. CV 01-1458-BR, 2002 WL 31975065 (D. Or. Nov. 27, 2002) .........................................4

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .........................................................................................7, 9, 10

*Silk v. Bond*,
  65 F.4th 445 (9th Cir. 2023) ...................................................................................................9

*Smith v. Pro Custom Solar LLC*,
  No. 19-20673 (KM) (ESK), 2021 WL 141336 (D.N.J. Jan. 15, 2021) .................................15

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) .................................................................................................5

*Taylor v. Penske Logistics, LLC*,
  No. 5:20-cv-02623-ODW, 2021 WL 4288525 (C.D. Cal. Sept. 21, 2021) ...........................12

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) .................................................................................17

*Tomaszewski v. Circle K Stores Inc.*,
  No. CV-20-01569-PHX-SMB, 2021 WL 2661190 (D. Ariz. Jan. 12, 2021) .........................18

*Towantic Energy, L.L.C. v. Gen. Elec. Co.*,
  No. C 04–00446 JF, 2004 WL 1737254 (N.D. Cal. Aug. 2, 2004) ........................................11

*Webb v. Rejoice Delivers LLC*,
  No. 22-cv-07221-BLF, 2025 WL 974996 (N.D. Cal. Apr. 1, 2025) ................................11, 12

*Whittlestone, Inc. v. Handi–Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) .................................................................................................17

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015, 1020 (9th Cir. 2017) ...................................................................4

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) .............................................................................5

*Yagman v. Allianz Ins.*,
    No. LA CV15–00921 JAK, 2015 WL 5553460 (C.D. Cal. May 11, 2015) ............6

*Zamora v. Penske Truck Leasing Co., L.P.*,
    No. 2:20-cv-02503-ODW, 2021 WL 809403 (C.D. Cal. Mar. 3, 2021)................12

**Statutes**

47 United States Code § 227 ......................................................................................13, 16

**Other Authorities**

Federal Rule of Civil Procedure 12 ..............................................................3, 5, 6, 11, 14, 17

Federal Rule of Civil Procedure 23 ...............................................................6, 7, 11, 17, 19, 21

Federal Rule of Evidence 201 .....................................................................................11

Oregon Rule of Civil Procedure 4 ................................................................................4

## LR 7-1 CERTIFICATION

On November 17, 2025, Defendant's counsel conferred with Plaintiff's counsel via telephone and discussed all the disputed issues asserted in this Motion, but counsel were unable to reach a resolution.

## MOTIONS

Defendant TPH Paralegal Professional Corporation dba TPH Legal Services ("Defendant") respectfully moves the Court to (1) dismiss the Complaint (Dkt. No. 1, the "Complaint") filed in the above-captioned matter by Plaintiff Chet Michael Wilson ("Plaintiff"), in its entirety with prejudice, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure; or alternatively, to (2) strike Plaintiff's facially uncertifiable class allegations pursuant to Rules 12(f) and/or 23.  In support of this Motion, Defendant respectfully submits and relies upon the memorandum below as well as the accompanying declarations of Roy Toker ("Toker Decl.") and Jeffrey G. Bradford ("Bradford Decl.").

## MEMORANDUM

## I.    INTRODUCTION

Plaintiff knowingly sued a Canadian legal services company that does not conduct business in the United States.  Relying on a unique number with seven identical sequential digits that he has used to file numerous lawsuits, Plaintiff claims Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") when the company inadvertently left him a voicemail one time.  Plaintiff is a serial TCPA litigant, having filed dozens of similar cases, all of which appear to be putative class actions, including 20 in this District.

Setting aside Plaintiff's numerous other cases, this one fails because (1) Defendant cannot be sued in this District, (2) Plaintiff cannot plead adequate facts supporting a plausible claim under the TCPA, and (3) Plaintiff cannot articulate a viable class and, even if he could, he cannot represent it.

## II.    RELEVANT FACTS

Plaintiff correctly alleges that Defendant is a corporation headquartered in Ontario, Canada.  (Compl. at ¶ 8.)  Defendant is a legal services group servicing clients exclusively in Canada.  (Toker Decl. at ¶ 2.)  Defendant has no business in Oregon or anywhere in the United States.  (*Id.*)  Defendant does not intentionally make any phone calls to any U.S. residents.  (*Id.*)

As alleged in the Complaint, the number at issue is (541) XXX-9999.  (*See* Compl. at ¶ 7, the "-9999 Number.")[1]  Plaintiff alleges only a single call attributable to Defendant on July 15, 2025, which resulted in a voicemail message.  (Compl. at ¶¶ 11–18.)  The Complaint presents an alleged quotation from the voicemail message, but does not make clear whether that quotation was the entirety of the message.  (*See id.* at ¶ 15.)  The alleged voicemail message did not include a solicitation.  (*See id.* at ¶¶ 11–18.)  Plaintiff concludes, without explanation, that "Defendant's voice message was generic and robotic" and that "the content, pattern, and tone of the speech made clear to Plaintiff that the message Defendant played was prerecorded in nature." (*See id.* at ¶¶ 16–18.)

Despite only alleging one phone call, (*see id.*), Plaintiff elsewhere refers to "calls," without any explanation for the disparity.  (*Compare id*. at ¶¶ 11–18 *with id*. at ¶¶ 22, 25, 36, and

---

[1] The complete number is not listed here for confidentiality purposes.

59.)  Plaintiff does *not* allege anywhere in the Complaint that the -9999 Number is on the

National Do Not Call Registry maintained by the Federal Trade Commission.[2]

In addition to the present Complaint, Plaintiff has filed over 60 similar TCPA actions,

including 20 in Oregon.  (Bradford Decl. at ¶ 2.)

Prior to filing this action, Plaintiff contacted Defendant through his legal counsel.  (Toker

Decl. at ¶ 3.)  Defendant's representative told Plaintiff's counsel that Defendant operates

exclusively in Canada and that the alleged call was an error.  (*Id.*)

Plaintiff has used the -9999 Number in connection with his professional activities.

(Bradford Decl. at ¶ 3, Ex. 2.)  It is the same number that appears in multiple lawsuits that he has

filed.  (*Id.* at ¶ 2.)  The -9999 Number appears online on various websites as being associated

with other businesses.  (*Id.* at ¶¶ 4–5, Exs. 3 and 4.)  It also is routinely used as a placeholder of

"dummy number" in a variety of contexts.  (*Id.* at ¶¶ 6–10, Exs. 5–9.)  Notably, this Court uses

the -9999 Number in its local civil rules.  (*Id.* at ¶ 6, Ex. 5 at 5.)

## III.     LEGAL STANDARD

### A.     Fed. R. Civ. P. 12(b)(2): Lack of Personal Jurisdiction

Plaintiff bears the burden of establishing that jurisdiction is proper in response to a

motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure

12(b)(2).  *Fatnani v. JPMorgan Chase Bank, N.A.*, No. 3:23-cv-712-SI, 743 F. Supp. 3d 1253,

1266 (D. Or. 2024).  In deciding such a motion, courts are entitled to consider evidence

submitted in declarations or affidavits.  *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d

---

[2] If this is what is intended by paragraph no. 6 in the Complaint, it is at best ambiguous in
describing "calls to Platiniff's cellular telephone into this district *as well as* calls to a number on
the National Do Not Call Registry."  (Compl. at ¶ 6) (emphasis added).

PAGE 3 –     DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S
             COMPLAINT

1280, 1285 (9th Cir. 1977). If a court decides a motion based on affidavits and written discovery materials alone, without conducting an evidentiary hearing, the plaintiff must satisfy its burden by making a prima facie showing of jurisdictional facts. *Eckelman v. Rentgrow, Inc*, No. 6:21-CV-01801-MK, 2023 WL 5044686, at *2 (D. Or. June 6, 2023); *see also Data Disc*, 557 F.2d at 1285 ("prima facie" showing means that the plaintiff has demonstrated facts that if true would support a finding of jurisdiction). *Cf. Sams v. Geico Corp.*, No. CV 01-1458-BR, 2002 WL 31975065, at *4 (D. Or. Nov. 27, 2002) (noting that, "[i]f the court holds an evidentiary hearing or the case proceeds to trial, however, the burden on the plaintiff shifts to the preponderance of the evidence"). Although uncontroverted allegations in a complaint must be taken as true, if the defendant disputes personal jurisdiction, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *see also Eckelman*, 2023 WL 5044686, at *2 ("Disputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction.") (cleaned up).

Federal courts look to state law in determining the bounds of their jurisdiction over a defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). Oregon law authorizes personal jurisdiction over a defendant to the full extent permitted by the United States Constitution. *See* Or. R. Civ. P. 4 L. Thus, any exercise of jurisdiction by this Court over Defendant must "comport[] with the limits imposed by federal due process." *Daimler*, 571 U.S. at 125.

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). A court has general personal jurisdiction over a defendant

whose contacts with the forum are "continuous and systematic" even if those contacts are wholly unrelated to the plaintiff's claims. *Fatnani*, 743 F. Supp. 3d at 1267 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)). Alternatively, if a court lacks general personal jurisdiction, it may have specific personal jurisdiction "if the defendant has certain minimum contacts with the forum state, the controversy arose out of those contacts, and the exercise of jurisdiction is reasonable." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–74, 477 (1985)).

**B.      Fed. R. Civ. P. 12(b)(6): Failure to State a Claim**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim for relief. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court takes "all factual allegations set forth in the complaint . . . as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). However, only well-pleaded facts are given a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). (internal quotations omitted). A "formulaic recitation of the elements" of a claim is likewise insufficient, *Iqbal*, 556 U.S. at 678, and conclusory allegations that "simply recite the elements of a cause of action" without supplying underlying facts to support those elements are not "entitled to the presumption of truth." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In short, under Rule 12(b)(6), this Court need not accept as true any "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.4 (9th Cir. 2012); *see also nexTUNE, Inc. v. McKinney*, No. C12–1974 TSZ, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) ("[S]peculation

PAGE 5 –   DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S
COMPLAINT

unsupported by any factual allegation is insufficient to survive a motion to dismiss under 12(b)(6).").

### C.    Fed. R. Civ. P. 12(f) and 23: Striking Facially Uncertifiable Class Allegations

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Courts in the Ninth Circuit have widely recognized that class allegations may be properly stricken at the pleadings stage pursuant to Rules 12(f) and 23 where, as here, the requirements of Rule 23 are not met on the face of the Complaint.  *See*, *e.g.*, *Murch v. GPS Cap. Markets, LLC*, No. 3:24-cv-01854-SB, 2025 WL 2770190, at *1 (D. Or. Sept. 26, 2025) (granting a Rule 12(f) motion striking class allegations where "Plaintiff fails to allege facts and reasonable inferences that establish the plausibility of a certifiable class."); *Dixon v. Monterey Fin. Servs., Inc.*, No. 15-cv-03298-MMC, 2016 WL 4426908, at *2 (N.D. Cal. Aug. 22, 2016) (striking proposed TCPA class allegations at the pleadings stage); *Lith v. Iheartmedia + Ent., Inc.*, No. 1:16-cv-066-LJO-SKO, 2016 WL 4000356, at *5 (E.D. Cal. July 25, 2016) (striking fail-safe class claims at the pleading stage); *Nichols v. eHealthInsurance Serv., Inc*, No. 23-cv-06720-EKL, 2025 WL 689721, at *4 (N.D. Cal. Mar. 3, 2025) (same); *Pepka v. Kohl's Dep't Stores, Inc.*, CV–16–4293–MWF, 2016 WL 8919460, at *1–5 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case, in part, for being "an impermissible fail-safe class").  Courts strike such faulty allegations at an early stage because permitting a facially uncertifiable proposed class to proceed to discovery would place an undue burden and expense upon the parties and the Court.  *See*, *e.g.*, *Yagman v. Allianz Ins.*, No. LA CV15–00921 JAK, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking from pleadings where allowing untenable class claims to proceed "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings") (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618

F.3d 970, 973 (9th Cir. 2010)); *Langan v. United Svcs. Auto. Assoc.*, 69 F. Supp. 3d 965, 988–89 (N.D. Cal. 2014) (striking class allegations where "discovery on the class claims would not shed any additional light" on whether plaintiff would meet Rule 23 requirements).

## IV. ARGUMENT

### A. The Entire Complaint Should be Dismissed With Prejudice Because The Court Lacks Personal Jurisdiction over Defendant.

#### 1. Defendant is not subject to general jurisdiction in Oregon.

Plaintiff alleges that this Court has jurisdiction over Defendant because "Defendant directed calls to Plaintiff's cellular telephone into this district as well as to calls to a number on the National Do Not Call Registry." (Compl. at ¶ 6.) This fails as a matter of both fact and law.

A court may exercise general jurisdiction only when a defendant is "essentially at home" in the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation omitted). Ordinarily, a corporation is subject to general jurisdiction only in its place of incorporation and its principal place of business, although there may be exceptional circumstances where the corporation may be considered "at home" somewhere else. *See id.* at 359 (citing *Daimler*, 571 U.S. at 139).

"[B]ecause a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world," the standard for exercising general jurisdiction is an "exacting" one; it requires contacts that "approximate physical presence" in the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citations omitted). Thus, to exercise general jurisdiction over a nonresident defendant, the defendant must engage in "continuous and systematic" contacts with the forum state, taking into consideration their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Adidas America, Inc.*

*v. KMart Corp.*, No. CV-05-120-ST, 2006 WL 2668461, at *4 (D. Or. July 6, 2006) (quoting

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).

Defendant is not at home in Oregon. Rather, its principle place of business is in

Markham, Ontario, Canada. (Toker Decl. at ¶ 2.) Defendant is not registered to do business in

the United Sates or in Oregon, nor can it. Defendant is a paralegal group that exclusively

provides services in Canada based on the licensure of Defendant's paralegal members, as

determined by the Law Society of Ontario. (*Id.*) There is no allegation that this nonresident

defendant, which cannot and does not conduct business in this state, has anything resembling

continuous and systematic contacts with Oregon—its only alleged contact with Oregon was a

single, inadvertent voicemail message. Defendant cannot be sued here on these facts.

### 2.     Defendant is not subject to specific jurisdiction in Oregon.

Plaintiff cannot state a prima facie case for specific jurisdiction over Defendant. If the

district court lacks general jurisdiction over a defendant, it may have specific personal

jurisdiction if the defendant has certain minimum contacts with the forum state, the controversy

arose out of those contacts, and the exercise of jurisdiction is reasonable. *Fatnani*, 743 F. Supp.

3d at 1267. The "essential foundation" of specific jurisdiction is a strong "relationship among

the defendant, the forum, and the litigation." *Ford Motor Co.*, 592 U.S. at 365 (citing

*Helicopteros*, 466 U.S. at 414).

Courts in the Ninth Circuit apply a three-prong test to determine whether specific

jurisdiction is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or
> consummate some transaction with the forum or resident thereof; or
> perform some act by which he purposefully avails himself of the privilege
> of conducting activities in the forum, thereby invoking the benefits and
> protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's
> forum-related activities; and

PAGE 8 –     DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S
             COMPLAINT

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.,* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.  Plaintiff bears the burden of satisfying the first two prongs. *Id.*  "[I]f the plaintiff fails at the first or second step, then the jurisdictional inquiry ends and the defendant must be dismissed from the case."  *CSX Transp., Inc. v. Apex Directional Drilling, LLC*, No. 3:14-cv-00470-HA, 2014 WL 6473554, at *3 (D. Or. Nov. 18, 2018) (citing *Boschetto*, 539 F.3d at 1016).

In this case, the exercise of jurisdiction over Defendant would be improper because Plaintiff cannot meet his burden under the first prong, which requires "purposeful availment" or "purposeful direction."  *Fatnani*, 743 F. Supp. 3d at 1268.

### (1) Defendant has not purposefully availed itself of Oregon.

In evaluating "purposeful availment," courts look at the defendant's "entire course of dealing with the forum state."  *Fatnani*, 743 F. Supp. 3d at 1269 (citation omitted).  To be subject to jurisdiction based on purposeful availment, the defendant "must have deliberately reached out beyond its home to the forum state—for example, by exploiting a market in the forum State or entering a contractual relationship centered there."  *Id.* (cleaned up).  "[B]usiness activity constitutes purposeful availment when that activity reaches out and creates 'continuing relationships and obligations' in the forum state."  *Silk v. Bond*, 65 F.4th 445, 457 (9th Cir. 2023) (citing *Boschetto*, 539 F.3d at 1017).  Thus, courts look to things like "contemplated future consequences, along with . . . the parties' actual course of dealing" to determine whether defendant purposefully established minimum contacts with the forum.  *Burger King Corp.*, 471 U.S. at 479 (concluding that franchise contract, which envisioned a twenty-year relationship and "continuing and wide-reaching" contacts with the forum, constituted a contact for purposes of due process analysis).

Here, the purposeful availment analysis definitely precludes a finding of jurisdiction. Defendant is not conducting business in Oregon or the United States, nor can it as an Ontario-based group of licensed paralegal professionals. (Toker Decl. at ¶ 2.) Nothing about the alleged contact to the -9999 Number supports the allegation that Defendant contemplated a future ongoing relationship with the state. To the contrary, this single phone call was made inadvertently. (*Id*. at ¶ 3.)

### (2) Defendant has not purposefully directed actions towards Oregon.

For purposeful direction, a plaintiff must how that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (citation omitted).

Any alleged contact by Defendant with the -9999 Number was in error. Defendant's representative told Plaintiff as much prior to the filing of this suit. (Toker Decl. at ¶ 3.) Defendant cannot and does not conduct business in Oregon or the United States. (*Id.* at ¶¶ 2–3.) So, even taking Plaintiff's allegations of harm as true for purposes of this motion (i.e., part (3) under *Schwarzenegger*), Plaintiff cannot show that Defendant committed an intentional act (part (1)), expressly aimed at the forum state (part (2)). This was an unintentional, accidental phone call that Defendant did not direct (nor would have any conceivable reason to direct) to anyone in Oregon.

Plaintiff cannot meet its burden to show that Defendant is subject to the jurisdiction of the Court. This case should be dismissed with prejudice on those grounds alone.

**B.    The Complaint Should Be Dismissed With Prejudice Because It Fails To State A Claim For Which Relief Can be Granted.**

**1.    Plaintiff's Class Allegations Should be Dismissed.**

For reasons argued further below, the Court should strike the class allegations in the Complaint under Rule 23.  But as discussed here, Plaintiff's class allegations are also subject to dismissal under Rule 12(b)(6).

The -9999 Number is publicly available on the internet, associated with a variety of businesses—including Plaintiff's—and as a well-known "dummy number."[3]  (Bradford Decl. at ¶¶ 3–10, Exs. 2–9.)  This alone demonstrates why there will not be a class with facts resembling Plaintiff.  *See, e.g., Murch*, 2025 WL 2770190, at *1 ("Plaintiff fails to allege facts and reasonable inferences that establish the plausibility of a certifiable class."); *Garcia v. Anane Enter., LLC*, No. 2:24-cv-01993-TLN-CKD, 2025 WL 894616, at *14 (E.D. Cal. Mar. 24, 2025) (class allegations can be dismissed under 12(b)(6) where the complaint lacks factual allegations and reasonable inferences establishing the plausibility of the class allegations); *Webb v. Rejoice*

---

[3] The Court may take judicial notice of the fact that the number is published on the internet. *See e.g., Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute."); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("[W]e may take judicial notice of matters of public record outside the pleadings."). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  Courts routinely take judicial notice of publicly available business records from internet sources.  *See Towantic Energy, L.L.C. v. Gen. Elec. Co.*, No. C 04–00446 JF, 2004 WL 1737254, at *1 n.1 (N.D. Cal. Aug. 2, 2004) (taking judicial notice of "facts set forth on Plaintiff's website"); *see also McPhatter v. M. Callahan & Assocs., LLC*, No. 11 CV 5321(NGG)(LB), 2013 WL 3981106, at *1 (E.D.N.Y. Aug. 2, 2013), *report and rec. adopted*, No. 11-CV-05321 , 2013 WL 5209926 (Sept. 13, 2013) (taking judicial notice of party's phone number on the website for the Better Business Bureau); *Platte River Ins. Co. v. P & E Automation, Inc.*, No. CV 12-05778 JGB-AJW, 2013 WL 12123688, at *2 (C.D. Cal. June 19, 2013) ("Courts routinely take judicial notice of documents found on the internet.")

PAGE 11 –  DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT

*Delivers LLC*, No. 22-cv-07221-BLF, 2025 WL 974996, at *2 (N.D. Cal. Apr. 1, 2025) (same);

*Johnson v. Air Prods. & Chems., Inc*., No. 2:22-cv-07327-JLS-PD, 2023 WL 2663279, at *5

(C.D. Cal. Jan. 26, 2023) (same).

  Here, Plaintiff concludes without support that "[u]pon information and belief, the

members of the Class are so numerous that joinder of all of them is impracticable" and that

"Plaintiff's claims are typical of the claims of the members of the Class."  (Compl. at ¶¶ 31, 35.)

Plaintiff does not provide any factual basis for concluding or supporting an inference that TPH

treated any other person in the same manner.  In fact, Plaintiff *cannot* allege any specific facts

supporting these allegations, given (1) Defendant's position providing services exclusively in

Canada, and (2) Plaintiff's unique phone number, which is used by this Court and many other

sources online.  Plaintiff's class allegations should be dismissed.  *See, e.g., Iqbal*, 556 U.S. at 678

(the court need not credit the plaintiff's legal conclusions that are couched as factual allegations);

*Garcia*, 2025 WL 894616, at *14; *Webb*, 2025 WL 974996, at *2; *Johnson*, 2023 WL 2663279,

at *5; *Taylor v. Penske Logistics, LLC*, No. 5:20-cv-02623-ODW, 2021 WL 4288525, at *4 (C.D.

Cal. Sept. 21, 2021) ("[The plaintiff] merely alleges what happened to him personally and asks the

Court to extrapolate and assume, without any additional facts, that [the defendant] treated other

employees in a similar fashion.  This 'logical disconnect' renders the class claim subject to

dismissal."); *Zamora v. Penske Truck Leasing Co., L.P*., No. 2:20-cv-02503-ODW, 2021 WL

809403, at *3 (C.D. Cal. Mar. 3, 2021) ("Plaintiffs' arguments suffer from a basic logical

disconnect.  Whether Plaintiffs adequately allege claims on their own behalf is beside the point.

Plaintiffs do not assert any factual support for their class allegations.  Rather, Plaintiffs merely

allege that their claims are also brought on behalf of the Class.  Without any factual support, . . .

the Court finds such leaps implausible. . . .  Plaintiffs cannot point to a fish in the surf to force

Defendant on a deep-sea charter.") (citation omitted); *Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-01926-AB, 2020 WL 6532868, at *3 (C.D. Cal. Oct. 22, 2020) ("Plaintiff cannot extrapolate from her singular experience that Defendants have a pattern and practice of committing similar violations[.]") (simplified); *Antonio v. Saxon Mortg. Servs., Inc.*, No. CV 11-10066 SJO, 2012 WL 13426614, at *3 (C.D. Cal. Sept. 7, 2012) ("Plaintiffs clearly do not know if the proposed class actually exists. Nor have Plaintiffs alleged any facts that would give them, or the Court, any reason to believe (or even hope) that such a class exists. The federal fact-pleading standard, though lenient, does not permit a plaintiff to proceed with claims based on pure speculation. Plaintiffs cannot make baseless assumptions in their complaint in the hopes that something will 'stick' during discovery. Plaintiffs' argument here amounts to a request for leave to pursue class claims based on guesses lacking factual support in the hopes that a class will somehow materialize at a later date.").

### 2. Plaintiff Fails to Plausibly Allege That He Received an Artificial or Prerecorded Voice Call.

The sole Count I of the Complaint, which alleges a violation of the "artificial or prerecorded voice" provision of the TCPA, fails for the additional reason that Plaintiff has not plausibly alleged facts, beyond his bald conclusions, showing that he received any artificial or prerecorded voice calls. Section 227(b) of the TCPA prohibits making "any call (other than a call made for emergency purposes made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to a cellular number. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Therefore, "[t]o survive a motion to dismiss [for a Section 227(b) claim], a plaintiff must include factual allegations indicating that a prerecorded voice, as opposed to that of a real, live person, was used." *Andersen v. Nexa Mortg., LLC*, No. 8:24-CV-00619-DOC-ADSx, 2024 WL 3762098, at *4 (C.D. Cal. Aug. 12, 2024) (citing *Forney*

*v. Hair Club for Men Ltd., Inc.*, No. CV 16-9640-R, 2017 WL 4685549, at *2 (C.D. Cal. June 26, 2017)).

Under the *Iqbal*/*Twombly* standard, plaintiffs cannot simply refer to a call or "voice" as being "prerecorded" or "artificial" to state such a claim. *See Allison v. Wells Fargo Bank, N.A.*, No. 22-cv-0510-BAS-AHG, 2022 WL 10756885, at *3 (S.D. Cal. Oct. 18, 2022) (dismissing and rejecting argument "the use of a 'prerecorded voice' is [a] self-defining" term). And while courts do not expect precise technical specifications about the equipment used at the pleadings stage, federal courts in this Circuit and across the country have consistently dismissed such claims under Rule 12(b)(6) where (as here) plaintiffs do little more than parrot the statutory text or case law, rather than plead actual facts in accord with federal pleading standards supporting an inference that a call they received was actually "prerecorded." *See, e.g.*, *Andersen*, 2024 WL 3762098, at *4 (dismissing similar complaint where the plaintiff omitted such requisite factual allegations); *Davis v. Rockloans Marketplace, LLC*, No.: 23cv0134 DMS, 2024 WL 4896587, at *2 (S.D. Cal. Nov. 26, 2024) (same); *Rahimian v. Adriano*, No. 2:20-cv-02189-GMN-VCF, 2022 WL 798371, at *2 (D. Nev. Mar. 16, 2022) (dismissing on this basis, and explaining courts have required specific facts to support the conclusion that defendants used a prerecorded voice in violation of the TCPA to avoid dismissal at the pleadings stage); *Manopla v. Sansone Jr's 66 Automall*, No. 17-16522 (FLW) (LHG), 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020) (dismissing where plaintiff failed to allege facts "regarding the tenor, nature, or circumstances of the alleged calls" and "merely proffer[ed] the content of the message" and concluded it was "prerecorded" with no other contextual details); *Curry v. Synchrony Bank, N.A.*, No. 1:15CV322–LG–RHW, 2015 WL 7015311, at *2–3 (S.D. Miss. Nov. 12, 2015) (dismissing where plaintiff had "'not provided sufficient contextual details to determine whether she spoke to

a human or merely heard a recording upon picking up the phone'") (quoting *Aikens v. Synchrony Fin.*, No. 15-10058, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015)). To survive dismissal, a TCPA "complaint must include some factual allegations beyond 'the call had a prerecorded voice.'" *Smith v. Pro Custom Solar LLC*, No. 19-20673 (KM) (ESK), 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021).

Plaintiff's allegations regarding the July 15 call (which he apparently did not answer and resulted in a voicemail) are too conclusory in nature to satisfy the pleading standard. (*See* Compl. at ¶¶ 14–18.) Merely saying that the nature or content of the message on July 15 was "generic" and "robotic" is not enough.[4] *See, e.g.*, *Rogers v. Assurance IQ*, No. 2:21-cv-00823-TL, 2023 WL 2646468, at *4 (W.D. Wash. Mar. 27, 2023) ("Even at this pre-discovery stage, Plaintiffs should be able to allege facts establishing that the calls were in-fact pre-recorded, such as the tenor, nature, or circumstances of the alleged calls, or otherwise demonstrate that a live human was not speaking during the calls." (internal quotation marks omitted)). Such details are of critical importance in cases where, as here, the plaintiff allegedly received a voicemail but never interacted with the caller. That is because, by definition, a voicemail "is an electronic

---

[4] *See, e.g.*, *Aragon v. DZR Grp., Inc.*, No.: 25-cv-0264-AGS-BLM, 2025 WL 1082755, at *2 (S.D. Cal. Apr. 10, 2025) ("Please press one to speak with a live representative now[.]"); *Ewing v. Freedom Forever, LLC*, No.: 23-CV-1240 JLS (AHG), 2024 WL 221777, at *1 (S.D. Cal. Jan. 19, 2024) ("Press one to be connected to one of our solar experts."); *Pascal v. Agentra, LLC*, No. 19-cv-02418-DMR, 2019 WL 5212961, at *1 (N.D. Cal. Oct. 16, 2019) ("instructing Plaintiff to 'press one' to speak to a representative"); *Roylance v. ALG Real Estate Servs., Inc.*, No. 5:14-cv-02445-PSG, 2015 WL 1522244, at *1 (N.D. Cal. Mar. 16, 2015) ("Roylance was invited to 'press one' to receive more information about the program."); *Donaca v. Metropolitan Life Ins. Co.*, No. CV 13–05611 MMM , 2014 WL 12597152, at *1 (C.D. Cal. Jan. 22, 2014) ("The message prompted Donaca to press '1' to receive more information[.]"); *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 715 (9th Cir. 2020) ("Press 1 to speak with a representative, or press 9 to be removed from future offers.").

PAGE 15 –  DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S
                    COMPLAINT

communication system in which **spoken messages are recorded or digitized and stored for later playback** by the intended recipient."[5]  In a live telephone interaction, it might be possible to discern whether the caller was live or a "robotic" device, since no conversation can occur when the voice is actually prerecorded.  By contrast, a voicemail message left by a live person in real time, even when that live person is reading from a script (and consequently may also sound robotic or unnatural) does not violate Section 227(b) of the TCPA.  *See Andersen*, 2024 WL 3762098, at *4.

*Metzler v. Pure Energy USA LLC*, No. 21-CV-9798 (VEC), 2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023),  is instructive on this point.  There, the court dismissed a TCPA complaint based on purported "prerecorded" voicemails, where the plaintiff did not interact with the caller or adequately describe how the voice sounded, and the content of "[t]he voicemail itself [as alleged] provide[d] no indication that it was prerecorded as opposed to having been left by a caller reading from a script." 2023 WL 1779631, at *1, 6.  Other courts have ruled similarly, including in voicemail cases, even where there were more contextual details pleaded than in this case.  *See, e.g.*, *Andersen*, 2024 WL 3762098, at *4; *Hicks v. Alarm.com Inc.*, No. 1:20-CV-532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (conclusory allegations about a "generic" voicemail message, without more, were insufficient to support an inference it was "prerecorded").  This Court should also dismiss on this basis.

---

[5] Voicemail, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/voicemail (last visited Nov. 19, 2025) (emphasis added).

**C.      Alternatively, the Class Allegations of the Complaint Should Be Stricken As Improper.**

Even if the Court were to allow Plaintiff's individual TCPA claim to proceed, the Court should still strike Plaintiff's faulty class allegations under Rules 12(f) and/or 23 because, among other reasons, (1) Plaintiff's proposed class definition is impermissibly fail-safe, and (2) his claims are not typical of any claim that could be brought by the class, and therefore he cannot adequately represent the class.  With the proposed class definition properly stricken in its entirety, all remaining class-related allegations would be superfluous and therefore should also be stricken.

The function of a Rule 12(f) motion such as this is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*, 618 F.3d at 973.  Regarding class certification, the Supreme Court has observed that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  Thus, a court may "strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also* Fed. R. Civ. P. 23(d)(1)(D) (In a class action, a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly.").

**1.      Plaintiff's Proposed Class Definitions Are Impermissibly "Fail Safe."**

Courts in this Circuit routinely grant Rule 12(f) motions to strike proposed fail-safe class definitions in TCPA cases at the pleadings stage.  *See*, *e.g.*, *Pepka*, 2016 WL 8919460, at *3

(striking fail-safe TCPA class definition where it would require the Court to engage in an improper merits determination to determine membership); *Dixon*, 2016 WL 4426908, at *2 (same); *Nichols*, 2025 WL 689721, at *4 (same); *Salaiz v. eHealthInsurance Services, Inc.,* No. 22-CV-04835-BLF, 2023 WL 2622138, at *5 (N.D. Cal. March 22, 2023) (same); *Tomaszewski v. Circle K Stores Inc.,* No. CV-20-01569-PHX-SMB, 2021 WL 2661190, at *2–3 (D. Ariz. Jan. 12, 2021) (same).

Plaintiff's proposed class definition, (*see* Compl. at ¶ 29), is improperly pleaded as "fail-safe."  A class definition is impermissibly "fail-safe" where, as here, "a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class." *Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010); *see also Kamar v. Radioshack Corp.,* 375 F.App'x 734, 736 (9th Cir. 2010) (defining fail-safe classes).  Here, as pleaded, Plaintiff's proposed class is impermissibly fail-safe as pled because membership in the class depends on the merits of the members' underlying claims.  The proposed class is defined by Plaintiff is:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who provided their phone number to the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

(Compl. at ¶ 29.)  To determine who is a member of the proposed class as pleaded, the Court would have to determine issues going directly to the heart of Plaintiff's claims, such as whether (1) Defendant "placed or caused to be placed" any calls (i.e., whether Defendant is directly or vicariously liable for the calls); (2) whether the class member gave prior consent to be contacted by Defendant; and/or (3) the class member received an artificial or prerecorded voice call.  These are core elements of any TCPA artificial/prerecorded voice claim, and there is no objective way for this Court to determine who is a class member given this proposed class, as pleaded, without

PAGE 18 –   DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S
            COMPLAINT

getting deep into the proverbial "weeds" of the merits and determining liability. Accordingly, the proposed definitions are classically fail-safe and should be stricken on this basis alone.

### 2.    Plaintiff is an Inadequate Class Representative.

For a class action to be certified, the named plaintiff must be able to demonstrate that their "claims and defenses are typical" and that they can adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(3), (4); *Hanon v. Dataproducts Crop.*, 976 F.2d 497, 508 (9th Cir. 1992). The Ninth Circuit's test for typicality is that the named plaintiff's claims arise from the "same or similar injury" as other members of the class and that "other members of the class have been injured by the same course of conduct." *Id.* at 508 (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). A class may not be certified "where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Id.* (holding that plaintiff failed to satisfy typicality requirement of Rule 23(a)(2) where plaintiff's "unique background and factual situation require him to prepare to meet defenses that are not typical of the defenses which may be raised against other members of the proposed class"). The concern is that class members' interests will be negatively impacted if the named plaintiff's advocacy is consumed by issues relevant only to their specific claims. *See id.* ("We agree that a named plaintiff's motion for class certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'") (citation omitted). Addressing the class allegations on the pleadings is appropriate where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw.*, 457 U.S. at 160.

Plaintiff is a serial TCPA litigant who seems to be exploiting the TCPA for profit and not for its intended purpose. (*See* Bradford Decl. at ¶ 2, Ex. 1.) Beyond that, Plaintiff's unique repetitive phone number that appears even on this Court's website makes him an atypical member

PAGE 19 –  DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S
             COMPLAINT

of the alleged class (if a class exists at all). As discussed above, the phone number at issue in this case is associated with multiple businesses, any one of which could have consented to the contact. (*Id.* at ¶ 4–5, Exs. 3 and 4.) This is not the case for most people's cellular phone numbers. Moreover, this number is all over the internet as a dummy number, ostensibly because people assume it must be fake due to the seven consecutive repeated numbers of which it is comprised; again, this is a highly anomalous cellular number. (*Id.* at ¶¶ 6–10, Exs. 5–9.) In fact, of the nine million permutations for a seven-digit phone number, only nine of those permutations would be of this format (i.e., .0001% of the permutations). Nothing about Plaintiff's claims is typical of those that could be brought by any other class member.

Additionally, Plaintiff's claim is subject to arguments and defenses that are unique to his individual claim and this action will be spent litigating questions entirely unique to Plaintiff (e.g., the highly unusual nature of his phone number; the mode and manner of the call/voicemail). The interests of other putative members, whose claims (if any) do not involve such questions, would undoubtedly suffer with Plaintiff as their representative. Accordingly, Plaintiff is subject to unique defenses, rendering his claims atypical and undermining his ability to act as an adequate class representative. The class allegations should be stricken to avoid a waste of judicial resources. *See, e.g.*, *Koos v. First Nat. Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974) ("Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative.").

### 3.     Plaintiff's Remaining Class Allegations Are Superfluous.

Lastly, with Plaintiff's proposed class definition properly stricken, all remaining "class allegations" (*see, e.g.*, Compl. at ¶¶ 30–60, including subparts) are superfluous and immaterial and, thus, should be stricken from the Complaint, as well. *See, e.g.*, *Flores v. City of Calif. City*, No. 1:18-CV-00703-DAD-JLT, 2019 WL 1934016, at *6 (E.D. Cal. May 1, 2019) (striking "any

reference to a class, Rule 23, or a class action" after dismissal of class claims); *Alan v. BrandRep, Inc.*, No. SA CV 16-1040-DOC (DFMx), 2016 WL 10988679, at *3 (C.D. Cal. Nov. 28, 2016) (Rule "12(f) authorizes the Court to strike any redundant matter sua sponte.").

## V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court dismiss Plaintiff's Complaint in its entirety with prejudice under either Rule 12(b)(2) or Rule 12(b)(6). Alternatively, Defendant respectfully requests the Court strike the class allegations from the Complaint pursuant to Rules 12(f) and/or 23.

DATED:  November 19, 2025.

TONKON TORP LLP


By:    *s/ Jeffrey G. Bradford*
      Jeffrey G. Bradford, OSB No. 133080
      Direct:  503.802.5724
      Email:  jeff.bradford@tonkon.com
      *Attorneys for Defendant*