Jeffrey G. Bradford, OSB No. 133080
  Direct:  503.802.5724
  Email:  jeff.bradford@tonkon.com
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Facsimile:  503.274.8779
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(EUGENE DIVISION)

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>TPH PARALEGAL PROFESSIONAL CORPORATION d/b/a TPH LEGAL SERVICES,<br><br>                    Defendant. | Civil No. 6:25-cv-01703-MTK<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT** |

**I.    THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT.**

   **A.    Plaintiff concedes that Defendant did not purposefully avail itself of the privilege of conducting business in Oregon.**

As an initial matter, Plaintiff's Opposition does not dispute, and therefore concedes, that Defendant did not purposefully avail itself of the privilege of conducting activity in Oregon. This is because Defendant has not, and cannot, conduct business here as a Canadian legal services company (a reality that Plaintiff notably fails to engage with anywhere in his Opposition).  (*See* Dkt. No. 9 at ¶¶ 2–3.)

PAGE 1 –  DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR
          STRIKE PLAINTIFF'S COMPLAINT

Plaintiff relies on *Born v. Celtic Marketing LLC*, an opinion from the Central District of California, for the proposition that TCPA cases do not consider purposeful availment because they sound in Tort, which limits the analysis to purposeful direction. (Dkt. 11 at 4, *citing* No. 8:19-cv-01950-JLS-ADS, 2020 WL 3883273, at *3 (C.D. Cal. May 20, 2020).) But the Ninth Circuit has since clarified that "our cases do not impose a rigid dividing line between these type of claims." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 826 (2024) (quoting *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020)). Even if Plaintiff had argued in favor of purposeful availment, the result would be the same—Plaintiff would fail, because Defendant did not deliberately engage in significant activities within Oregon to avail itself of the privilege of conducting business here. (Dkt. No. 9 at ¶¶ 2–3); *see Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1110 (9th Cir. 2025) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985).) Defendant has never (and cannot) do business in Oregon (Dkt. No. 9 at ¶¶ 2–3), let alone engage in deliberate or significant operations here.

This Court cannot exercise its jurisdiction over Defendant on a theory of purposeful availment.

**B.      Plaintiff has not shown, and cannot show, that Defendant purposefully directed activities to Oregon.**

Just as with purposeful availment, Plaintiff also has failed to meet its burden to show that Defendant purposefully directed activities to Oregon. The Ninth Circuit evaluates purposeful direction under the three-part "effects" test from *Calder v. Jones*, 465 U.S. 783, 789–90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162–63 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 826 (2024). First, a defendant must have allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing

PAGE 2 –   DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR
                    STRIKE PLAINTIFF'S COMPLAINT

harm that the defendant knows is likely to be suffered in the forum state. *Id.* An action may be directed at a forum state even if it occurred elsewhere. *Davis,* 71 F.4th at 1162–63; *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). This analysis is driven by the defendant's contacts with the forum state—not the plaintiff's or other parties' forum connections. *Davis,* 71 F.4th at 1162–63.

Here, the only contact with Oregon that Plaintiff has alleged—or can allege—is a single, errant voicemail message.[1] Defendant does not and cannot *purposefully* or *intentionally* direct activity to Oregon as a Canadian paralegal firm—nor would there be any business reason for it do so as it cannot provide legal services here. (*See* Dkt. No. 9 at ¶¶ 2–3.). The only evidence in the record shows that Defendant made a single call to the -9999 Number in error. (*Id.*) There is no basis to allege that Defendant "caus[ed] harm that the defendant kn[ew] [wa]s likely to be suffered in the forum state." *Davis,* 71 F.4th at 1162–63. Courts only allow for a single act to support jurisdiction in the instances where it "creates a substantial connection with the forum." *Burger King*, 471. U.S. at 476, n. 18. This single, alleged voicemail cannot reasonably be construed as creating a substantial connection that would justify this Court having jurisdiction. Defendant was not and cannot attempt to transact business here. Plaintiff cannot prove otherwise, cannot amend to allege otherwise, and cannot discover new information to find otherwise. This basis for jurisdiction over Defendant also fails.

---

[1] The Complaint alleges only a single call (Dkt. No. 1 at ¶ 11) that resulted in a voicemail (*id.* ¶ 15), not multiple "phone calls" as stated in the Opposition (Dkt. No. 11 at 6).

PAGE 3 – DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR
　　　　　STRIKE PLAINTIFF'S COMPLAINT

### C. Subjecting Defendant to jurisdiction would violate traditional notions of fair play and substantial justice.

Even if Plaintiff could show that the errant call to the -9999 Number was the result of purposefully directed activity (he cannot), this Court should still not assert personal jurisdiction over Defendant because doing so would offend "traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Ninth Circuit follows a seven-factor test to determine whether the exercise of jurisdiction would be unreasonable: "(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 984 (9th Cir. 2021).

Here, the *Ayla* factors weigh against exercising jurisdiction. "The purposeful interjection factor in the reasonableness analysis is analogous to the purposeful direction factor." *Id.* As discussed above, Plaintiff cannot meet this burden; Defendant did not purposefully seek to contact Plaintiff—or anyone else in Oregon—in the regular course such that Defendant can be shown to maintain ongoing ties to Oregon. *See id.*

The burden placed on Defendant in having to litigate in Oregon is significant. On the basis of a single voicemail message that Plaintiff knew to be made in error prior to filing this action, he nonetheless seeks to impose the costs of class-action litigation on this Canadian

PAGE 4 – DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT

Defendant here in Oregon. Because Defendant does not conduct business here or otherwise engage in litigation in the District, the burden posed by this action is acute.

The remaining factors shift from the individual litigants to the broader context of the present forum as compared to the Defendant's home forum. "Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003) (quoting *Sinatra v. National Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988)). The interest of a foreign sovereign in adjudicating disputes over its citizens can be presumed. *See id.* Indeed, Canada can and does have its own robust regulations for unsolicited communications that it enforces diligently. *See* Canada's Anti-Spam Legislation, S.C. 2010, c. 23, and The Unsolicited Telecommunications Rules (UT Rules) & National Do-Not-Call List (DNCL) found in CRTC Telecom Decision 2007-48 and Regulatory Policy 2015-109. Plaintiff cannot disregard the superior interest of the foreign sovereign and alternative forum merely out of his own convenience.

This Court should decline to accept Plaintiff's invitation to assert jurisdiction over Defendant on the basis of one voice message sent by accident. The Motion (Dkt. No. 8) should be granted.

## II.     PLAINTIFF'S ALLEGATIONS REGARDING THE NATURE OF THE VOICE MESSAGE ARE INSUFFICIENT TO STATE A CLAIM UNDER THE TCPA.

Even if the Court disagrees with the jurisdictional bars set forth above, the Complaint fails to state a claim due to Plaintiff's inadequate allegations regarding the nature of the voicemail message he purportedly received. Plaintiff's attempts to distinguish his claims from those dismissed in other actions are unavailing.

PAGE 5 – DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR
           STRIKE PLAINTIFF'S COMPLAINT

Plaintiff seemingly attempts to distinguish his case by saying that the authorities cited in the Motion involve "plaintiffs who did not answer the phone" (Dkt. No. 11 at 10)—but that is exactly what occurred with Plaintiff here, who did not answer the phone and thus lacks any reasonable basis to claim that the voicemail message resulted from a robocall. Plaintiff's own authority supports this contention. When someone answers a phone call, it may be "easily discernible . . . whether or not the recipient is *speaking* to a live human being." (*Id.* at 11, quoting *Rahn v. Bank of Am., N.A.*, No. 1:15-CV-4485-ODE-JSA, 2016 WL 7325657, at *4 (N.D. Ga. June 24, 2016) (emphasis added).) However, Plaintiff did not pick up the phone; he never spoke to anybody. Had Plaintiff answered the phone, perhaps he would have known whether there was a live speaker on the other end or not, but those are not the facts of this case and are not what Plaintiff has alleged.

Further, Plaintiff's own argument in the Opposition adopts the idea that a plausible TCPA claim based on a prerecorded voice often involves "having received multiple messages that sounded identical" (Dkt. No. 11 at 10, citing *Metzler v. Pure Energy USA* LLC, No. 21-CV-9798 (VEC), 2023 WL 1779631, at *6 (S.D.N.Y.).) Yet, Plaintiff himself alleges no such thing. He alleges a single call that resulted in a voicemail of only two words: "zero, two." (Dkt. No. 1 at ¶ 14.) As in *Metzler*, nothing Plaintiff has alleged about this voicemail is enough to establish that the message was prerecorded as opposed to, for instance, being left by a caller reading from script. 2023 WL 1779631, at *1, 6.

Plaintiff has failed to state a claim under the TCPA, and his Complaint should be dismissed.

**III.   PLAINTIFF'S CLASS-WIDE CLAIMS SHOULD BE DISMISSED OR STRICKEN.**

**A.   Plaintiff has not and cannot properly assert class allegations in this case.**

Even if the Court decides to assert jurisdiction over Defendant, it should still dismiss Plaintiff's class-wide claims and limit his recovery to his individual alleged injury. Despite Plaintiff's suggestion to the contrary, courts in this District have appropriately dismissed putative class actions at the Rule 12 stage. This includes a case brought by *Plaintiff's own counsel* in this District for another, related, serial TCPA litigant just a few months ago, wherein this Court held that: "Plaintiff does not adequately allege that Defendant treated other individuals in a similar manner. Accordingly, the Court agrees that Plaintiff's class claims should be dismissed under Rule 12(b)(6)." *Murch v. GPS Cap. Markets, LLC*, No. 3:24-CV-01854-SB, 2025 WL 2770190, at *1 (D. Or. Sept. 26, 2025), adopting the analysis set forth in *Murch v. GPS Cap. Markets, LLC*, No. 3:24-CV-01854-SB, 2025 WL 2466576, at *15–16 (D. Or. June 6, 2025), *report and recommendation adopted in part, rejected in part*, No. 3:24-CV-01854-SB, 2025 WL 2770190 (D. Or. Sept. 26, 2025). In cases like this one and *Murch*, courts in our District have and should continue to favor reasonableness and judicial efficiency over allowing professional litigants like this Plaintiff to rely on threadbare allegations of implausible class-wide violations to proceed.

As set forth in the Motion (Dkt. No. 8 at 11–13), Plaintiff's Complaint has no specific allegations—nor could it—about a supposed class. Plaintiff has made class allegations "[w]ithout any factual support," and to credit such allegations would require the Court to take "implausible" leaps in an effort to bridge the "logical disconnect" proffered by Plaintiff. *Zamora v. Penske Truck Leasing Co., L.P.*, No 2:20:-cv-02503-ODW, 2021 WL 809403, at *3 (C.D. Cal. Mar. 3, 2021); *Taylor v. Penske Logistics, LLC*, No. 5:20-cv-02623-ODW, 2021 WL 4288525, at *4 (C.D. Cal. Sept. 21, 2021).

Again, this is a Canadian legal services firm that does not conduct (nor *could* conduct) business in Oregon. There is no plausible basis for the Defendant to be making any sorts of attempted solicitations to individuals in this jurisdiction, because it does not do work here. Nowhere in Plaintiff's Opposition is this issue addressed, including in the context of the authorities it cites for justifying its class allegations (all of which apparently pertain to companies that *do* conduct business in the United States). Indeed, for example, the *Mattson* case from this District in 2018 that Plaintiff cites to as a basis for not striking class allegations, (Dkt. No. 11 at 15), pertained to "a national mortgage service **registered to do business in Oregon**," that was "**soliciting potential customers**." *Mattson v. New Penn Fin.*, LLC, 2018 U.S. Dist. LEXIS 218627, at *2 (emphasis added). Defendant does not do business in Oregon and there are no Oregon potential customers for it to solicit. Between the reality of Defendant's business having no operations in the United States and the tenuous nature of Plaintiff's individual claim (e.g., that Plaintiff alleges receiving only *one* voicemail message, and that Plaintiff has not plausibly alleged that this single voicemail was prerecorded), there is no reasonable basis to extrapolate Plaintiff's allegations out to a putative class.

      **B.**    **Plaintiff is not an adequate class representative.**

The balance of Plaintiff's Opposition characterizes Defendant's Motion as based on insinuation or conjecture about (1) Plaintiff's status as a serial TCPA litigant, (2) who uses a unique number of seven repeating digits, (3) which is a number found online for *business* activities for both Plaintiff and many others, as well as used as a sample/"dummy" number by an array of organizations, including this Court and Oregon's two largest universities. But this is not conjecture or insinuation—Defendant has shown the Court concrete evidence of all three points. (*See* Dkt. No. 10.) Plaintiff does not dispute the credibility of the evidence set forth in the Motion by Defendant (nor could he). But Plaintiff does decimate his own credibility in making a

"sworn declaration" that "he does not operate any business using his number" (Dkt. No. 11 at 16), when he has publicly posted the -9999 Number as the contact information for his role as Director of Marketing at LeavenNoTrace.org. (Dkt. No. 10 at ¶ 3, Ex. 2 at 1.)

This unique constellation of circumstances means that even if Plaintiff were made to represent a class, it could only be a class of one. This is neither what the TCPA nor class-action litigation is intended for. The Motion should be granted.

## IV.  CONCLUSION

For the reasons set forth in the Motion and above, Defendant respectfully requests the Court dismiss Plaintiff's Complaint in its entirety with prejudice under either Rule 12(b)(2) or Rule 12(b)(6). Alternatively, Defendant respectfully requests the Court strike the class allegations from the Complaint pursuant to Rule 12(f) and/or Rule 23.

DATED: December 8, 2025.

TONKON TORP LLP

By: *s/ Jeffrey G. Bradford*
Jeffrey G. Bradford, OSB No. 133080
Direct: 503.802.5724
Email: jeff.bradford@tonkon.com
*Attorneys for Defendant*