2026 WL 810636

2026 WL 810636
Only the Westlaw citation is currently available.
United States District Court, D. Oregon,
EUGENE DIVISION.

CHET WILSON, Plaintiff,

v.

SKOPOS FINANCIAL, LLC, doing
business as Reprise Financial, Defendant.

Case No. 6:25-cv-00376-MC
|
Filed 03/24/2026

**Attorneys and Law Firms**

Neal Weingart, Neal Weingart, Attorney at Law, Portland, OR, Patrick Harry Peluso, Pro Hac Vice, Peluso Law LLC, Denver, CO, for Plaintiff Chet Wilson.

Nicholas L. Dazer, Nicholas Dazer PC, Clackamas, OR, Charles Dunham Biles, Pro Hac Vice, Biles Wilson, PLLC, Heath, TX, for Defendant Skopos Financial, LLC.

OPINION AND ORDER

Michael McShane United States District Judge

**\*1** Defendant Reprise Financial moves for summary judgment against Plaintiff Chet Wilson's Telephone Consumer Protection Act claim. Because Plaintiff's claim turns on the purpose of the text messages he received from Defendant, which constitutes a disputed material fact, Defendant's Motion for Summary Judgment, ECF No. 28, is **DENIED** in part and **GRANTED** in part.

**BACKGROUND**

The following facts are undisputed.

Plaintiff registered his phone number—541-999-9999—on the National Do Not Call Registry sometime between 2019 and 2021. Wilson Dep. 25:22–23, 26:3–5, ECF No. 28-1.

In November 2024, Plaintiff received four text messages from Defendant. Compl. ¶ 15, ECF No. 1. The first message reads: "... BRIAN, this is Julie from Reprise Financial. We received your loan request through LendingTree. Please log in at RepriseFinancial.com to complete ..." *Id.*[1] Plaintiff did not respond to these messages; he knew they were not intended for him. Wilson Dep. 20:3–4, 38:10–12. Plaintiff has never had any contact or business with Defendant, nor did he consent to receive these messages. *Id.* 41:10–12, Compl. ¶¶ 17–19.

Defendant obtained consent to send text messages to Plaintiff's number, just not from Plaintiff. Brian Dep. 11:19–25, 12:14–25, 13:2–11, ECF No. 28-1; Wilson Dep. 41:19–24. In November 2024, Brian[2] visited LendingTree's website to determine his eligibility for a loan to consolidate his debt. Brian Dep. 9:25, 10:1–19. In researching whether he qualified, Brian entered personal information into an online form on LendingTree.com, including his name, email address, and a phone number. *Id.* 11:2–25.

Brian purposefully entered 541-999-9999—coincidentally Plaintiff's phone number—into LendingTree's online form, believing it was a fake number that belonged to no one. Brian Dep. 11: 17–25, 12:1–6, 14–22. Brian provided this number instead of his own to avoid getting "spam" calls and text messages. *Id.* 23–25.

Though Brian provided a number he suspected was fake, Brian consented to Lending Tree and its partners sending text messages to that number. *Id.* 13:2–11, 16:19–25, 17:1–22. Brian understood that he was filling out an online form to learn about loan possibilities from various loan providers, preferring to receive follow-up communications to his email address. *Id.* 16:22–24, 19:17–25. Brian did not intend to fill out a loan application specifically with Reprise at the time he entered his personal information. *Id.* 20:1–13. Plaintiff has no relationship with Brian; he does not know Brian and has never met him. Wilson Dep. 37:6–25.

Plaintiff brought this putative class action in March of 2025, alleging violations of the TCPA, 47 U.S.C. § 227(c)(5).[3] Compl. ¶¶ 30–36. Under the statute, a party may bring a civil action if he "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the [applicable] regulations." 47 U.S.C. § 227(c)(5).

**\*2** The applicable regulation prohibits "any telephone solicitation" to residential telephone subscribers who have registered their numbers on the National Do Not Call

2026 WL 810636

Registry. 47 C.F.R. § 64.1200(c)(2); Compl. ¶¶ 30–36. A "telephone solicitation" is any "telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). However, "telephone solicitations" do not include calls or messages to any person with their "prior express invitation or permission." *Id.* Text messages are calls within the meaning of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

This Court denied Defendant's Motion to Dismiss. Op. & Order, Jul. 21, 2025, ECF No. 20. The Court now considers Defendant's Motion for Summary Judgment, ECF No. 28.

## LEGAL STANDARD

A court will grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it affects the ultimate outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its burden, the non-movant must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

The court views evidence in the light most favorable to the non-movant in determining whether there are genuine issues of material fact. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). Summary judgment is improper when a reasonable fact-finder may draw "divergent ultimate inferences" from the undisputed facts. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006).

## DISCUSSION

### I. Plaintiff has standing under the TCPA.

Defendant argues that Plaintiff has not suffered an injury in fact to satisfy Article III's standing requirements because he was not harmed by receiving the text messages in question. Mot. Summ. J. 11.[4]

The parties do not dispute that Plaintiff was on the National DNC Registry when he received text messages from Defendant, did not consent to receive messages from Defendant, and received more than one message within a 12-month period. Wilson Dep. 25:22–25, 26:2–5, 41:10–12, 44: 2–4. This is sufficient for Plaintiff to establish standing under the TCPA. Unsolicited telemarketing calls and messages "invade the privacy and disturb the solicitude of their recipients." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). Plaintiffs alleging TCPA violations " 'need not allege any *additional* harm beyond the one Congress has identified.' " *Id.* (quoting *Spokeo v. Robins*, 578 U.S. 330, 342 (2016)); *see also* 47 U.S.C. § 227(c)(5), 47 C.F.R. §§ 64.1200(c)(2), (f)(15).

### II. A reasonable fact-finder could find that the text messages are telephone solicitations within the meaning of the TCPA.

**\*3** The ultimate outcome of this action turns on the disputed purpose of the text messages at issue. Defendant argues that the text messages are not telephone solicitations under the statute. Mot. Summ. J. 11. In response, Plaintiff asserts that a jury could "easily" find that the messages constitute telephone solicitations within the meaning of the TCPA. Pl.'s Resp. Mot. Summ. J. 2, ECF No. 32.

If a person provides their "prior express invitation or permission" to receive text messages, such communications do not amount to telephone solicitations. 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). The parties agree that Defendant had Brian's permission to send text messages to Plaintiff's phone number. That Brian opted-in to receive messages at Plaintiff's number, however, does not constitute "express invitation or permission" under the statute because Brian is not the *recipient*. *Cf. N.L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020) (holding defendant is liable for unwanted calls under 47 U.S.C. § 227(b)(1)(A) even though the intended recipient consented to be called).

In *N.L. by Lemos*, D.V., a customer of defendant, fell behind on credit card payments. *Id.* at 1166. D.V. had given defendant permission to make collection calls to him, but two years later,

Case 6:25-cv-01703-MTK    Document 14-1    Filed 03/30/26    Page 3 of 4
CHET WILSON, Plaintiff, v. SKOPOS FINANCIAL, LLC, doing..., Slip Copy (2026)

2026 WL 810636

unbeknownst to defendant, D.V.'s number was reassigned to plaintiff. *Id.* When D.V. became delinquent, defendant began calling his number—by that time assigned to plaintiff—using an automatic telephone dialing system. *Id.* Plaintiff brought claims under the TCPA, which prohibits making automated calls without "the prior express consent of the called party." *Id.* at 1166–67; 47 U.S.C. § 227(b)(1)(A). The Ninth Circuit interpreted the TCPA "in accordance with its ordinary and natural meaning" to hold that defendant violated the statute, even though the "intended recipient" of the automated calls had consented to receive them. *N.L. by Lemos*, 960 F.3d at 1167 (citing *Hall v. United States*, 566 U.S. 506, 511 (2012)).

Like *N.L. by Lemos*, Defendant had permission to message Plaintiff's phone number, but not from the *recipient* of the text messages. And although this action concerns a different provision of the TCPA, the provision at issue here provides that a telephone solicitation does not include messages "to any person with *that person's* prior express invitation or permission." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15) (emphasis added). A plain reading of the statute counsels against finding that Defendant had permission to send text messages to Plaintiff's phone number such that the messages are not telephone solicitations.

As Plaintiff did not consent to receiving messages from Defendant, the next question is whether Defendant sent the messages "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4); *see also Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012) (citation omitted) (whether a contact is a "solicitation" turns on "the purpose of the message."); *Abboud v. Circle K Stores, Inc.*, No. CV-23-01683-PHX-DWL, 2025 WL 307039, at *7 (D. Ariz. Jan. 27, 2025) (whether plaintiff provided consent to receive messages is "analytically distinct" from defendant's purpose in sending them).

The purpose of the text messages is a question of fact. *E.g., Abboud*, 2025 WL 307039, at *6; *Nat'l Basketball Ass'n v. SDC Basketball Club, Inc.*, 815 F.2d 562, 569 (9th Cir. 1987) ("Evidence of intent, of course, is a question of fact."). As to whether the messages are telephone solicitations, Defendant is not entitled to judgment as a matter of law because there exists a genuine dispute about the purpose of the messages. The parties do not dispute the content of the messages, when Plaintiff received them, or the number to which they were sent. Compl. ¶ 15; Mot. Summ. J. 2. But a reasonable fact-finder could draw "divergent ultimate

inferences" from those undisputed facts. *Fresno Motors, LLC*, 771 F.3d at 1125 (quoting *Miller*, 454 F.3d at 988) (summary judgment is "improper 'where divergent ultimate inferences may reasonably be drawn from the undisputed facts.' ").

**\*4** Specifically, a jury could find that Defendant sent the messages to Brian (at Plaintiff's number) to prompt him to complete the application process he began on LendingTree.com. Mot. Summ. J. 19, Ex. J; Brian Dep. 9:25, 10:1–3, 17–19, 11:4–8; *see also Aderhold v. car2go N.A. LLC*, 668 F. App'x 795, 796 (9th Cir. 2016) (affirming district court's holding that the subject text message was not a "telemarketing" message because its purpose was to direct plaintiff to complete the registration process he initiated).

Conversely, a fact-finder could reasonably conclude that Defendant purchased Brian's information from LendingTree and sent the messages to encourage him to take out a loan with Reprise. Pl.'s Resp. Mot. Summ. J. 8, Ex. B; Brian Dep. 16:22–24, 19:17–25, 20:1–13; *Chesbro*, 705 F.3d at 917 (discussing FCC's determination that "dual purpose" calls, ones with both an informational component and a marketing component, are unsolicited advertisements under the TCPA). While this Court concluded that the messages are "informational on their face," the TCPA guards against more than "an explicit mention of a good, product or service." Op. & Order 6, Jul. 21, 2025; *Chesbro*, 705 F.3d at 918. If context reveals that the messages encourage Brian to take out future loans with Defendant, then they may constitute telephone solicitations within the meaning of the statute. *Chesbro*, 705 F.3d at 918.

Viewing the record in the light most favorable to Plaintiff, there exists a triable issue of fact—the purpose of the messages—on which Defendant is not entitled to summary judgment.

### III. No reasonable fact-finder could conclude that Defendant knowingly or willfully sent the text messages to Plaintiff.

Defendant moves for summary judgment against Plaintiff's claim that Defendant willfully or knowingly violated the TCPA. Section 227(c)(5) of the TCPA provides that a court may award treble damages when a "defendant willfully or knowingly violated" the statute. Plaintiff urges the Court to interpret § 227(c)(5) to include "reckless" violations of the applicable regulations. Pl.'s Resp. Mot. Summ. J. 19. Instead, to successfully claim treble damages, Plaintiff must demonstrate that Defendant should have known that the

recipient of the text messages did not consent to receive them. *E.g.*, *Wakefield v. ViSalus, Inc.*, No. 3:15-cv-1857-SI, 2019 WL 2578082, at \*2 (D. Or. 2019); *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106–07 (11th Cir. 2015) (plaintiff ineligible for treble damages because he failed to establish that defendants knew they sent an unsolicited advertisement).

Plaintiff acknowledges that Brian was the intended recipient of the text messages. Pl.'s Resp. Mot. Summ. J. 3; Wilson Dep. 38:10–12. Plaintiff also acknowledges that Brian entered Plaintiff's number into LendingTree's online form, which is how Defendant obtained it. Pl.'s Resp. Mot. Summ. J. 9. Plaintiff fails to produce evidence, however, to establish that Defendant *knowingly* sent unsolicited text messages *to him*. Nothing in the record could lead a reasonable fact-finder to conclude that Defendant knowingly or willfully sent messages to Plaintiff's number in violation of the statute.

Defendant is entitled to summary judgment against Plaintiff's claims for treble damages.

## CONCLUSION

As there exists a genuine issue of triable fact as to Defendant's purpose in sending text messages to Plaintiff's number, Defendant's Motion for Summary Judgment, ECF No. 28, is **DENIED** in part and **GRANTED** in part.

 **\*5** IT IS SO ORDERED.

DATED this 24th day of March 2026.

### All Citations

Slip Copy, 2026 WL 810636

## Footnotes

1    Plaintiff received the first message on November 14, 2024; he received the other messages on November 15, November 20, and November 22, 2024. Compl. ¶ 15. All four text messages are effectively identical.

2    Brian's last name and other identifying information has been redacted pursuant to an agreement between the parties to protect his identity from public disclosure. Def.'s Mot. Summ. J. 4 n.8, ECF No. 28.

3    The unique factual situation surrounding the text messages that Defendant sent to Plaintiff's phone number warrants further discussion if Plaintiff seeks class certification.

4    Defendant also contends that Plaintiff "makes a primary income" from TCPA cases and lacks standing as "a professional TCPA plaintiff." Mot. Summ. J 6, 21; *see also* Wilson Dep. 6:9–25. While the record suggests that Plaintiff is an inveterate TCPA litigant, Defendant has not offered support for the proposition that he is without standing on that basis. *E.g., Sapan v. Yelp, Inc.*, No. 3:17-cv-03240-JD, 2021 WL 5302908, at \*4 (N.D. Cal. Nov. 15, 2021) (noting "professional litigant" criticisms against named plaintiffs are "not uncommon" and "rarely well taken.").

**End of Document**                                                                © 2026 Thomson Reuters. No claim to original U.S. Government Works.