**Anthony I. Paronich**
anthony@paronichlaw.com
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff*

**Jeffrey G. Bradford**, OSB No. 133080
**TONKON TORP LLP**
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Telephone: (503) 802-5724
Facsimile: (503) 274-8779
jeff.bradford@tonkon.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TPH PARALEGAL PROFESSIONAL CORPORATION d/b/a TPH LEGAL SERVICES**<br><br>Defendant. | Civil No. 6:25-cv-01703-MTK<br><br>**JOINT STATUS REPORT AND CASE MANAGEMENT SCHEDULE PURSUANT TO Fed. R. Civ. P. 26(f) AND LOCAL RULE 26-1** |

## JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. P 26(f), the parties hereby submit their joint discovery plan and

proposed deadlines for the Court's review and consideration:

1 - JOINT DISCOVERY PLAN

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is May 22, 2026.

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiff:**

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing calls and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following class:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who provided their phone number to the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

**Defendant:**

The Parties agree that the scope of discovery, as prescribed by Federal Rule of Civil Procedure 26, governs the discoverability of all subjects and issues relating to this matter.  Among other things,

2 - JOINT DISCOVERY PLAN

Defendant intends to conduct discovery on all aspects of Plaintiff's claims and Defendant's responses and affirmative defenses to those claims. The parties agree that there is no need to bifurcate or do discovery in phases.

**(C)** **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that limited electronically stored information ("ESI") will be produced in this case. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have agreed limited ESI will be produced. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court. The parties will produce ESI in its native form or in unitized, fixed image format (e.g., .pdf or tiff). The parties do not anticipate any issue regarding electronically stored information.

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or

3 - JOINT DISCOVERY PLAN

challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies

to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

**(E) What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not currently anticipate the need for any other orders, other than those referred to herein. Should the need for other orders arise, the parties will confer in good faith and, if they cannot agree, will raise the issue with the Court for resolution.

**(G) Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). If an error or delayed delivery message is received by the sending party, that party shall promptly (within

4 - JOINT DISCOVERY PLAN

one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(H)  Magistrate Judge:**

The parties do not consent to a Magistrate Judge.

**(I)    Proposed scheduling deadlines:**

1. Initial Disclosures: **May 22, 2026**

2. Amend Pleadings and Add Parties: **July 2, 2026**

3. Initial Expert Disclosure Deadline: **November 2, 2026**

4. Rebuttal Expert Deadline: **December 7, 2026**

5. Discovery Cutoff: **January 11, 2027**

6. Dispositive Motions/Class Certification: **March 1, 2027**

DATED: May 8, 2026

PARONICH LAW, P.C.


By:  */s/ Anthony Paronich*

Anthony Paronich
anthony@paronichlaw.com
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100


*Attorneys for Plaintiff*



TONKON TORP LLP


By:  */s/ Jeffrey G. Bradford*

Jeffrey G. Bradford, OSB No. 133080
jeff.bradford@tonkon.com
Telephone: (503) 802-5724



*Attorneys for Defendant*


5 - JOINT DISCOVERY PLAN