Jeffrey G. Bradford, OSB No. 133080
  Direct:  503.802.5724
  Email:  jeff.bradford@tonkon.com
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Facsimile:  503.274.8779
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(EUGENE DIVISION)

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>TPH PARALEGAL PROFESSIONAL CORPORATION d/b/a TPH LEGAL SERVICES,<br><br>             Defendant. | Civil No. 6:25-cv-01703-MTK<br><br>**STIPULATED PROTECTIVE ORDER** |

        One or more of the parties has requested the production of documents or information that

at least one party considers to be or to contain confidential information, and that are subject to

protection under Federal Rule of Civil Procedure 26(c).

        The parties agree that good cause exists to protect the confidential nature of the

information contained in documents, interrogatory responses, responses to requests for

admission, or deposition testimony.  This action concerns alleged violations of The Telephone

Consumer Protection Act (TCPA).  The parties expect to exchange documents and information

relating to Plaintiff's personal contact information and the personal identification and contact

PAGE 1 – STIPULATED PROTECTIVE ORDER

information of potentially one or more of Defendant's customers. Defendant's private and proprietary business information, including internal documents of Defendant's business practices, may also be implicated. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

PAGE 2 – STIPULATED PROTECTIVE ORDER

4.      If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal.  If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal.  If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document.  Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within sixty (60) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.      In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.      Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.      The authors and the original recipients of the documents.

g.      Any court reporter or videographer reporting a deposition.

PAGE 4 – STIPULATED PROTECTIVE ORDER

h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.      Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9.      Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 7, as appropriate, for that portion of the deposition, hearing or pre- trial proceeding.

10.     Documents designated "Confidential," or any information contained therein, shall not be submitted to any open generative artificial intelligence tool (e.g., ChatGPT) or any substantially similar tool that is available to the public.  Providing such information to an open tool is considered disclosure to a third party.  The obligations and restrictions of this paragraph apply even where the data, documents, or information have been anonymized.

11.     Any non-party to this Action from whom discovery is sought in the Action may obtain the protection of this Protective Order by signing and providing to outside counsel for the Party seeking the discovery a certification and agreement, substantially in the form attached hereto as Exhibit B, stating that the non-party has read the Protective Order, understands the terms of the Protective Order, agrees to be fully bound by the Protective Order, submits to the jurisdiction of this Court for purposes of enforcement of the Protective Order, and understands that any violation of the terms of the Protective Order shall be punishable by relief deemed appropriate by the Court.

PAGE 5 – STIPULATED PROTECTIVE ORDER

12.     Each party reserves the right to dispute the "Confidential" status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believe that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute.  Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential."  The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

14.     Designation by either party of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or

PAGE 6 – STIPULATED PROTECTIVE ORDER

are not confidential or trade secrets.  Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

15.     Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order.  Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.  The party requesting the return of materials shall pay the reasonable costs of responding to its request.  Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

16.     This Protective Order shall not constitute a waiver of any party's or non- party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

17.     If a Disclosing Party discloses, or permits another Party to review or use, information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege, work product protection, or any other privilege or immunity ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection or any other privilege or immunity that the Disclosing

PAGE 7 – STIPULATED PROTECTIVE ORDER

Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

18.    Should a Disclosing Party identify Protected Information that has been disclosed, that Party must notify the Party that received the Protected Information (the "Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure.  Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection or other privilege or immunity in accordance with paragraph 19—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. If requested by the Receiving Party, within fourteen business days of such request, the Disclosing Party must explain why the Protected Information is subject to attorney-client privilege, work product protection, or another privilege or immunity.

19.    If the Receiving Party contests the claim of attorney-client privilege or work product protection or another privilege or immunity, the Receiving Party must—within fourteen business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and may not assert as a ground for compelling disclosure the fact or circumstances of the disclosure as a basis for contesting the claim.  Pending resolution of the Disclosure Motion, the Receiving Party must not use the purported Protected Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

PAGE 8 –  STIPULATED PROTECTIVE ORDER

20.     Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

21.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

22.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

SO STIPULATED:

PERRONG LAW LLC

By: _s/ Andrew Roman Perrong_____
    Andrew Roman Perrong, OSB No. 243320
    a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038

*Attorneys for Plaintiff and the Proposed Class*

TONKON TORP LLP

By: ___s/ Jeffrey G. Bradford_____
    Jeffrey G. Bradford, OSB No. 133080
    jeff.bradford@tonkon.com
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201

*Attorneys for Defendant*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information.  Accordingly, the Court adopts the above Stipulated Protective Order in this action.

IT IS SO ORDERED.

DATED:   7/8/2026

_____
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in *Chet Michael Wilson v. TPH Paralegal Professional*

*Corporation dba TPH Legal Services*, Case No. 6:25-cv-01703-MTK of the Stipulated

Protective Order (the "Order") governing the delivery, publication, and disclosure of confidential

documents and information produced in this litigation.  I have read a copy of the Order and agree

to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date

EXHIBIT B

I, _____, hereby certify, on behalf of

_____, that (i) _____ is

producing confidential information, that (ii) _____ seeks to

obtain the protections provided by the Stipulated Protective Order (the "Order") entered by the

United States District Court for the District of Oregon in *Chet Michael Wilson v. TPH Paralegal*

*Professional Corporation dba TPH Legal Services*, Case No. 6:25-cv-01703-MTK, and (iii) I am

authorized to execute this certification on _____'s behalf.

I hereby further certify that (i) I have read the Order, understand the terms of the Order,

and agree to be fully bound by the Order, and (ii) _____

hereby submits to the jurisdiction of the above-referenced Court for purposes of enforcement of

the Order.  I further certify my understanding that any violation of the terms of the Order shall be

punishable by relief deemed appropriate by the Court.

Signature:                    _____

*Please Print or Type the Following*

Name:                    _____

Title and Affiliation:        _____

Company:                _____

Address:                 _____

Telephone:              _____

Date:                    _____

PAGE 12 –  STIPULATED PROTECTIVE ORDER